## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-1125-M |
| | ) | |
| WALGREENS COMPANY, | ) | |
| DAVID SUEY, individually, | ) | |
| DEBBIE FERGUSON, individually, | ) | |
| DANIEL PIELA, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is defendants' Motion for Partial Dismissal of Plaintiff's Claims, filed

December 27, 2005.  On February 3, 2006, plaintiff filed his response, and on February 23, 2006,

defendants filed their reply.  Based upon the parties' submissions, the Court makes its determination.

On September 26, 2005, plaintiff filed the instant action against defendants, alleging race and

gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title

VII"), disability discrimination in violation of the Americans with Disabilities Act ("ADA"), and

retaliation in violation of the Family Medical Leave Act ("FMLA").  Defendants David Suey,

Debbie Ferguson, and Daniel Piela ("Individual Defendants") now move this Court, pursuant to

Federal Rule of Civil Procedure 12(b)(6), to dismiss (1) plaintiff's Title VII claims against them,

(2) plaintiff's ADA claims against them, and (3) plaintiff's FMLA claims against all defendants.

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court

accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s]

those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144

F.3d 1302, 1304 (10th Cir. 1998).  "A complaint may be dismissed pursuant to Fed. R. Civ. P.

12(b)(6) only if the plaintiff can prove no set of facts to support a claim for relief." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (internal quotations and citations omitted).

Further, plaintiff is proceeding *pro se*.  Accordingly, this Court must hold plaintiff's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Plaintiff "nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  It is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff has alleged Title VII and ADA claims against the Individual Defendants based upon their roles as his supervisors.  Personal capacity suits against individual supervisors are inappropriate under both Title VII and the ADA.  *Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999); *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).  Accordingly, the Court finds that plaintiff's Title VII and ADA claims against the Individual Defendants should be dismissed.

Plaintiff has also alleged a FMLA claim against defendants.  Defendants move this Court to dismiss plaintiff's FMLA claim and assert that this claim is barred by the statute of limitations.  If an individual files a private lawsuit under the FMLA, "it must be filed within two years after the last action which the [individual] contends was in violation of the Act, or three years if the violation was willful."  29 C.F.R. § 825.400(b).  It is undisputed that this action was not filed within two years after the last action which plaintiff contends was in violation of the FMLA.  The parties, however, dispute whether plaintiff has sufficiently alleged in his Complaint that the violation was willful.

2

Having carefully reviewed the Complaint, and having construed plaintiff's allegations liberally in accordance with *Haines v. Kerner*, the Court finds that plaintiff has sufficiently alleged that the FMLA violation was willful.  In fact, in paragraph 32 of his Complaint, plaintiff specifically alleges that defendants' actions were willful and intentional.  Accordingly, the Court finds that plaintiff's FMLA claim should not be dismissed as time-barred.

The Individual Defendants also assert that plaintiff's FMLA claim should be dismissed because it fails to state a claim against them upon which relief may be granted.  In his Complaint, plaintiff alleges that he was terminated in retaliation for taking medical leave protected under the FMLA.  Complaint at ¶ 28.  "To establish a prima facie FMLA retaliation claim, a plaintiff must show that (1) she availed herself of a protected right under the FMLA, (2) an employment decision adversely affected her, and (3) a causal connection between the two actions exists."  *Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1104 (10th Cir. 2005).

Having carefully reviewed the Complaint, and construing plaintiff's allegations liberally, the Court finds that while plaintiff has clearly alleged a FMLA retaliation claim against defendant Walgreens Company, plaintiff has failed to state a FMLA retaliation claim against the Individual Defendants.  Specifically, the Court finds that plaintiff has made no allegations against either defendant Ferguson or defendant Piela in relation to his FMLA retaliation claim; in fact, neither defendant Ferguson nor defendant Piela is mentioned in those paragraphs of plaintiff's Complaint which relate to plaintiff's FMLA claim.  Further, while defendant Suey is mentioned in plaintiff's Complaint in relation to his FMLA claim, the Court finds that the allegations regarding defendant Suey are inadequate to state a retaliation claim against him; plaintiff never alleges that defendant Suey participated in any decision to terminate him or that any of defendant Suey's alleged actions

3

resulted in his termination.  Accordingly, the Court finds that plaintiff's FMLA claim against the

Individual Defendants should be dismissed.

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART

defendants' Motion for Partial Dismissal of Plaintiff's Claims [docket no. 11] as follows:

(1)     The Court GRANTS the motion to dismiss as to plaintiff's Title VII, ADA, and
        FMLA claims against the Individual Defendants and DISMISSES these claims;[1] and

(2)     The Court DENIES the motion to dismiss as to plaintiff's FMLA claim against
        defendant Walgreens Company.

**IT IS SO ORDERED this 14th day of April, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1]The dismissal of these claims terminates this action as to defendant David Suey, defendant
Debbie Ferguson, and defendant Daniel Piela.

4